IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-351-F-8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| GEORGE MYRON ADAMS, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his mother. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a 24-count indictment on 24 October 2012 with: conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning about January of 2006 and continuing up to and including about the date of the indictment in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); possession of equipment, chemicals, products, and material with the intent to manufacture methamphetamine, and aiding and abetting the same, on

or about 1 April 2010 in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 (ct. 5); possession of pseudoephedrine with the intent to manufacture methamphetamine, and aiding and abetting the same, on or about 1 April 2010 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 6); possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and aiding and abetting the same, on or about 1 April 2010 in violation of 21 U.S.C. § 841(a)(1) (and 18 U.S.C. § 2, which statute is not expressly alleged) (ct. 7); and possession of pseudoephedrine with the intent to manufacture methamphetamine on or about 1 January 2006 and continuing up to and including about 25 January 2012 in violation of 21 U.S.C. § 841(c)(1) (ct. 16).

The evidence presented at the hearing showed that the charges arise from a sophisticated conspiracy lasting for more than five years involving the production of over five kilograms of methamphetamine, arrangements with numerous people to obtain supplies for the production of methamphetamine, and the use of firearms and surveillance equipment to protect the compound used for methamphetamine production. Defendant's participation in the conspiracy included supplying a substantial amount of pseudoephedrine, an essential ingredient for methamphetamine. He also lived at the compound where methamphetamine was manufactured and stored. He most recently purchased pseudoephedrine on 27 October 2012. Defendant is an active methamphetamine addict.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required

include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the length of the alleged conspiracy, the volume of the methamphetamine involved, and the use of firearms and surveillance equipment to protect the methamphetamine production; defendant's criminal record, albeit not a serious one, consisting of six misdemeanor convictions; the danger of continued offense conduct by defendant if released, especially in light of his continuation of such conduct after he was arrested and charged in 2010 by state officials; defendant's active methamphetamine addiction and the ineffectiveness of drug rehabilitation treatment he previously received; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger posed by defendant and the proposed custodian's regular absence from home for work; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's ties to the community. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of November 2012.

_____
James E. Gates
United States Magistrate Judge