| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | O R D E R |
| ) | |
| GEORGE MYRON ADAMS,    ) | |
|     Defendant.    ) | |

This matter is before the court on Defendant's Motion to Dismiss Count Sixteen [DE-246] and Defendant's Motion to Dismiss the Indictment [DE-247]. The Government has responded [DE-249, DE-250], and Defendant has filed a Reply [DE-273]. These matters are now ripe for disposition.

## I. Motion to Dismiss Count Sixteen

Defendant argues that Count Sixteen of the Indictment should be dismissed, or in the alternative, the court should require the Government to file a bill of particulars which specifies the date the conduct alleged in Count Sixteen took place. Defendant contends that this is necessary because Count Sixteen fails to provide any meaningful notice regarding the date Defendant allegedly violated 21 U.S.C. § 841(c)(1). Defendant further contends that the time frame alleged in Count Sixteen is so overbroad and vague that it renders Count Sixteen both constitutionally and statutorily defective. Finally, Defendant argues that Count Sixteen is multiplicitous because the exact same offense is alleged in Count Six and Count Sixteen.

In order to establish that a count of the indictment should be dismissed, a defendant must "demonstrate that the allegations therein, even if true, would not state an offense." *United States*

*v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004). In addition, a motion to dismiss the indictment implicates only the legal sufficiency of its allegations and not the proof offered by the Government. *United States v. Terry*, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring). The Fourth Circuit has held as follows:

> [T]he sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations. Does it, under all of the circumstances of the case, tell the defendant all that he needs to show for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good.

*United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir.1994) (quoting *United States v. Missler*, 414 F.2d 1293, 1297 (4th Cir. 1969)).

Rule 7 of the Federal Rules of Criminal Procedure provides: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed.R.Crim.P. 7(c)(1). Specifically, the indictment must meet two requirements. *United States v. Hayes*, 775 F.2d 1279, 1282 (4th Cir. 1985). First, it "must charge all the essential elements of a criminal offense and sufficiently apprise the defendant of what he must be prepared to meet so he will not be misled while preparing his defense[.]" *Id.* Second, the indictment "must protect the defendant against later prosecution for the same offense." *Id.*

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the court may direct the Government to file a bill of particulars. Fed.R.Crim.P. 7(f). The decision whether to grant or deny a motion for bill of particulars is within the sound discretion of the trial court. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is appropriate when

2

an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise. *See United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1047 (4th Cir. 1987). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

Count Six of the Indictment charges as follows:

On or about April 1, 2010, in the Eastern District of North Carolina, JOHN SAVAGE, CANDY MEDLIN and GEORGE MYRON ADAMS, the defendants herein, aiding and abetting each other and others, known and unknown, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Scheduled II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1) and Title 18, United States Code, Section 2.

Indictment [DE-1].

Count Sixteen charges:

From on or about January 1, 2006, and continuing up to and including on or about January 25, 2012, in the Eastern District of North Carolina, GEORGE MYRON ADAMS, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Scheduled II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

*Id.*

As noted, Count Sixteen alleges that the violation of Title 21 U.S.C. § 841(c)(1) occurred "[f]rom on or about January 1, 2006, and continuing up to and including on or about January 25, 2012." Count Six alleges that the violation of Title 21 U.S.C. § 841(c)(1) and Title 18 U.S.C. § 2 occurred "[o]n or about April 1, 2010." Thus, the date alleged in Count Six, April 1, 2010, falls squarely within the time frame set forth in Count Sixteen. In addition, both Count Six and Count Sixteen allege Defendant committed a violation of 21 U.S.C. § 841(c)(1), which involves the

3

knowing and intentional possession of pseudoephedrine with the intent to manufacture the controlled substance methamphetamine. Accordingly, the undersigned agrees with Defendant that he has not been given sufficient information to mount an effective defense against the charges set forth in Count Sixteen without a bill of particulars. For this reason, Defendant is entitled to a bill of particulars which specifies the date the conduct alleged in Count Sixteen occurred.

## II. Motion to Dismiss the Indictment

Defendant argues that pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments of the United States Constitution, he is entitled to dismissal of the Indictment based upon pre-indictment delay. Specifically, Defendant contends that at least since June 9, 2010, Johnston County Assistant District Attorney Adren Harris represented that Assistant United States Attorney Jennifer Wells intended to indict Defendant for the same criminal conduct for which he was indicted in Johnston County[1], yet Defendant was not indicted in the Eastern District of North Carolina until October 24, 2012. Defendant concludes that even if the Government's delay was the result of negligence, actual prejudice to him has been established.

A review of the record reveals as follows: Defendant was arrested on April 1, 2010 for various violations of the North Carolina Controlled Substances Act. A Johnston County grand jury indicted Defendant on May 3, 2010. Defendant filed a motion to dismiss on April 1, 2011 [Def's Mt. Dismiss Indictment [DE-247], Exhibit 5], alleging that his cases should be dismissed

---

[1]The Johnston County case numbers are 10 CRS 51911, 10 CRS 51912, and 10 CRS 51913.

4

for lack of a speedy trial. On June 8, 2011, Senior Resident Superior Court Judge Thomas Lock held an evidentiary hearing on the motion to dismiss. In an order entered by Judge Lock, he found as follows:

> Since at least July of 2010, the State's sole reason for continuing the defendant's cases was due to the fact that the State expected the office of the United States Attorney for the Eastern District of North Carolina to indict the defendant on federal charges for the same criminal conduct arising out of those charges now pending against this defendant . . . The State has never placed the defendant's cases on a trial calendar.

[Def's Mt. Dismiss Indictment [DE-247], Exhibit 6 at 4.] Judge Lock noted that on June 9, 2010, Defendant filed a written notice and demand for a speedy trial, and thereafter, Defendant repeatedly made oral demands in open court for a speedy trial. [*Id.* at 5.] Even so, Defendant's cases were never calendared for trial. [*Id.*] Judge Lock further noted,

> The State did not intend to proceed on the pending state charges if the United States Attorney's office, in fact, did indict the defendant. The District Attorney's office has represented to this Court, since at least July of 2010, that an indictment and prosecution by the U.S. Attorney's office for the Eastern District of North Carolina was imminent, but as of the date of this hearing, the defendant has not been indicted by the federal authorities.

[*Id.* at 6.] Judge Lock dismissed all charges pending by the State of North Carolina against Defendant for lack of a speedy trial. [*Id.* at 7.]

On October 24, 2012, a federal grand jury in the Eastern District of North Carolina returned a twenty-four count true bill of indictment against Defendant and his fifteen co-defendants. *See* Indictment [DE-1].

"Due process is not violated simply because the defendant is indicted after a substantial [ ] delay." *United States v. Stinson*, 594 F.2d 982, 984 (4th Cir. 1979) (citing *United States v.*

5

*Lovasco*, 431 U.S. 783, 796 (1977)). The Fourth Circuit employs a two-part test to determine whether pre-indictment delay warrants dismissal. First, the defendant must prove actual prejudice. *Automated Med. Labs., Inc.*, 770 F.2d at 403. In order to demonstrate actual prejudice, a defendant must show that "he was meaningfully impaired in his ability to defend . . . to such an extent that the disposition of the criminal proceeding was likely affected." *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996). If that requirement is met, the court then proceeds to balance the prejudice to the defendant with the Government's justification for the delay. *Automated Med. Labs., Inc.*, 770 F.2d at 403-04.

In an effort to show that he has suffered actual prejudice, Defendant refers to Senior Resident Superior Court Judge Lock's finding that his right to a speedy trial was violated. As noted by the Government, however, Defendant's right to a speedy trial on his State charges is unrelated to whether there has been pre-indictment delay warranting dismissal of the federal Indictment. The undersigned finds that Defendant has not shown that he has suffered actual prejudice. Accordingly, dismissal of the Indictment is not warranted under the Fifth Amendment due process clause.

Assuming, arguendo, that Defendant could show actual prejudice, the undersigned believes that the Government has established that the pre-indictment delay was justified. Specifically, as the Government points out, this is a "highly complex" case containing twenty-four counts against sixteen individuals. The investigation and prosecution of this case spanned multiple counties. Also, while Defendant has alleged that the delay was the result of the Government attempting to gain a tactical advantage, Defendant has not put forward any evidence to support this contention.

6

## III. Conclusion

Based on the foregoing, it is therefore ORDERED that Defendant's Motion to Dismiss Count Sixteen [DE-246] is DENIED, Defendant's alternative motion for a bill of particulars which specifies the date the conduct alleged in Count Sixteen occurred is ALLOWED, and Defendant's Motion to Dismiss the Indictment [DE-247] is DENIED.

SO ORDERED.

This, the 7th day of May, 2013.

*James C. Fox*
JAMES C. FOX
Senior U.S. District Judge