IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-351-F-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE MYRON ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before this court on the motion by Defendant George Myron Adams ("Defendant") to sequester government witnesses at trial. [DE-281]. The government has filed a response to Defendant's motion. [DE-287]. Accordingly, the motion is ripe for ruling.

## I. STATEMENT OF THE CASE

On October 24, 2012, a federal grand jury sitting in the Eastern District of North Carolina returned a true bill of indictment against Defendant, charging Defendant with the following: (1) conspiracy to manufacture, distribute, dispense and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 [Count One], (2) possession of equipment, chemicals, products and material with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 [Count Five], (3) knowingly possessing a listed chemical with the intent to manufacture methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2 [Count Six], (4) possession with the intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2 [Count Seven], and (5) possession of pseudoephedrine with the intent to manufacture a controlled substance, that being methamphetamine, in violation of 21 U.S.C. § 841(c)(1) [Count Sixteen]. [DE-1]. The case is set for arraignment and trial at the Court's July 1, 2013 term of court.

## II. DISCUSSION

A.  *Motion to Sequester Witnesses*

Defendant moves the court, pursuant to Rule 615 of the Federal Rules of Evidence, "for an order (1) sequestering all witnesses the Government intends to call during trial, and (2) prohibiting the Government's prosecution and case agent(s) from discussing the trial testimony of Government witnesses with other persons who will be called as Government witnesses at trial." [DE-281] at 1.

Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." FED. R. EVID. 615. Under this rule, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (citation omitted). Excepted from Rule 615 are the (1) parties themselves, (2) designated representatives of corporations and (3) a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. FED. R. EVID. 615(1)-(3). A government investigative agent falls within the Rule 615(2) exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773

2

(4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 U.S. Dist. LEXIS 4914, at *5, 2007 WL 167454, at *2 (E.D.N.C. Jan. 17, 2007) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation).

Rule 615 does not prevent the government's prosecutor from discussing with government investigating agents or non-law enforcement witnesses who will testify at trial the testimony of previously called witnesses. In *United States v. Rhynes*, the Fourth Circuit rejected the assertion that Rule 615 was violated when a defense attorney discussed, outside of the courtroom, a prior witness's testimony with a witness who was about to testify. *Id.* at 316. The court noted a critical distinction exists between witnesses, who are the subject of Rule 615, and lawyers, who are not:

> [L]awyers are not like witnesses, and there are critical differences between them that are dispositive in this case. Unlike witnesses, lawyers are officers of the court, and, as such, they owe the court a duty of candor. Of paramount importance here, that duty both forbids an attorney from knowingly presenting perjured testimony and permits the attorney to refuse to offer evidence he or she reasonably believes is false. Similarly, an attorney may not "counsel or assist a witness to testify falsely." And, if an attorney believes that a non-client witness is lying on the witness stand about a material issue, he is obliged to "promptly reveal the fraud to the court." The Supreme Court has emphasized the importance of attorneys' duty of candor: "Any violation of these strictures would constitute a most serious breach of the attorney's duty to the court, to be treated accordingly." Consequently, lawyers' ethical obligations to the court distinguish them from trial witnesses.

*Id.* at 318 (internal citations omitted).

Accordingly, Defendant's motion to sequester is ALLOWED IN PART and DENIED IN PART. All trial witnesses shall be sequestered. Additionally, each witness shall be prohibited from revealing previous trial testimony to any witness who has not yet testified. *See Rhynes*, 218 F.3d at 317. The government shall be allowed to designate and have present one investigative agent during

3

the entirety of the trial pursuant to Rule 615(2), even if that agent is expected to testify. Of course, Defendant may also be present throughout the trial, even if he is expected to testify. FED. R. EVID. 615(1). To the extent Defendant's motion seeks an order preventing the government's prosecutor from discussing with witnesses the testimony of previously called witnesses, Defendant's motion is DENIED.

### III. CONCLUSION

For the reasons set forth above, the court orders that:

1. Defendant's Motion to Sequester [DE-281] is **ALLOWED IN PART** and **DENIED IN PART**.

So ordered the 20th day of May, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge