IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-8
No. 5:16-CV-00095-F

| | |
|---|---|
| GEORGE MYRON ADAMS,<br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>                Respondent. | ORDER |

This matter is before the court on George Myron Adams' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-604]. In Adams' second claim, he alleges that his attorney, John P. O'Hale, provided ineffective assistance of counsel when he failed to convey all of the Government's plea offers. Mot. Vacate [DE-604] at 7-9. Specifically, Adams contends that O'Hale failed to inform him of a favorable plea offer in which the Government agreed to move for the safety valve. *Id.* at 8-9. In the Government's Motion to Dismiss, it argues that Adams's second claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss Mem. [De-646] at 5-6.

Rule 8 of the Rules Governing Section 2255 Proceedings provides that it is within the discretion of the district court to determine whether an evidentiary hearing is warranted. The court may decide a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In this case, the court finds that Adams has stated a claim for ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984), and the Government has not

conclusively shown that he is not entitled to relief on his § 2255 motion. For these reasons, the court concludes that an evidentiary hearing is necessary. The Clerk is DIRECTED to schedule an evidentiary hearing in this case on Adams' second claim.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, when an evidentiary hearing is warranted, the court must appoint an attorney to represent a moving party who qualifies for appointed counsel pursuant to 18 U.S.C. § 3006A. Although Adams had retained counsel when he was previously before this court, he now qualifies for appointed counsel. *See* CJA 23 [DE-616]. Therefore, the Federal Public Defender is DIRECTED to provide representation in this action.

SO ORDERED.

This /1 day of October, 2016.

*James C. Fox*
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE